*Adams, for appellant.*

*Darnaby, for appellee.*

---

MOSES YOWELLS, ADMR., *v.* JOHN YOWELL, ADMR.

**Fraudulent Conveyance—Operates as an Assignment for Benefit of Creditors.**

The sale of the deceased's estate after his death shows that it was insufficient, at that time, to pay his debts, but it does not necessarily follow that he was unable to pay them at the time he executed the mortgage.

APPEAL FROM TAYLOR CIRCUIT COURT.

January 3, 1872.

OPINION BY JUDGE LINDSAY :

There is no direct proof in the record to the effect that the mortgage to Leroy Yowell was executed by the deceased in contemplation of insolvency.

The sale of his estate after his death shows that it was insufficient at that time to pay his debts, but it does not necessarily follow, that he was unable to pay them on the 26th of

April, 1869, when the mortgage was executed. His will, which was written on the same day, shows very satisfactorily that he believed he was then able to pay all he owed and secure to his wife and children a home. We do not think appellant made out such a state of case as would have authorized the chancellor to hold that the mortgage to Leroy Yowell, operated as an assignment of all the estate of the grantor for the benefit of all of his creditors.

Judgment affirmed.

*Mitchell, for appellant*

*J. R. Robinson, Montague, for appellee.*

